**Emeil KAMEL, Plaintiff–counter–defendant–Appellant,**

v.

**EQUILON ENTERPRISES, LLC, Defendant–counter–claimant–Appellee.**

**No. 05–55584.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed April 20, 2007.

Allione & Associates, Laguna Beach, CA, for Plaintiff–counter–defendant–Appellant.

Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

798

Before: T.G. NELSON and SILVERMAN, Circuit Judges, and LEIGHTON,* District Judge.

MEMORANDUM **

Emeil Kamel appeals the district court's grant of summary judgment in favor of Equilon Enterprises, LLC, on Kamel's Petroleum Marketing Practices Act ("PMPA") claims. Kamel also appeals the district court's refusal to exercise supplemental jurisdiction over his state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As a threshold matter, we grant in part and deny in part Kamel's motion for judicial notice. Parties may not modify the record on appeal unless something material is omitted from or misstated in the record by error or accident.[1] We will take judicial notice of the 1999 memorandum of this court.[2] We decline to take judicial notice of the remaining documents.

Viewing the evidence in the light most favorable to Kamel, a reasonable trier of fact could not conclude[3] that Equilon either failed to act in good faith, or to offer Kamel a valid right of first refusal in 2003.[4]

The district court did not abuse its discretion[5] when it refused to exercise supplemental jurisdiction over Kamel's state law claims.[6]

AFFIRMED.

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9TH CIR. R. 36–3.

1. See FED. R.APP. PROC. 10(e)(2).

2. See 9TH. CIR. R. 36–3(b)(i).

3. See FED.R.CIV.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (stating that summary judgment is appropriate when the moving party demonstrates the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law).

4. See 15 U.S.C. § 2802(b)(2)(E)(iii)(I) & (b)(3)(D)(iii)(I) & (II) (requiring the franchisor to either make "a bona fide offer to sell, transfer or assign" its interest in the premises

to the franchisee, or, where applicable, "offer the franchisee a right of first refusal" on any third party offer received); see also 15 U.S.C. § 2802(b)(2)(E) & (b)(3)(D) (stating that the franchisor may only terminate or elect not to renew "in good faith and the normal course of business").

5. See San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir.1998) (stating that the court "review[s] the district court's refusal to exercise supplemental jurisdiction for an abuse of discretion").

6. Id. (stating that a district court does not abuse its discretion when it refuses jurisdiction for one of the reasons stated in 28 U.S.C. § 1367(c)(1)-(3), even if it does not "provide reasons to support its conclusion").

